UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

TREK BICYCLE CORPORATION,

        Plaintiff,

v.                                      Case No. 08-CV-198 (BBC)

LEMOND CYCLING, INC.,

        Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendant LeMond Cycling, Inc. ("LeMond Cycling") submits this brief in support of its motion to dismiss Trek Bicycle Corporation's ("Trek") Complaint, or in the alternative, to transfer the action to the United States District Court for the District of Minnesota.

## I.    INTRODUCTION

The present action ("the Wisconsin Action") is a mirror image of an earlier-commenced action pending before the Honorable Richard H. Kyle in the United States District Court for the District of Minnesota ("the Minnesota Action"). On April 11, 2008, Trek moved to transfer the Minnesota Action to this Court pursuant to 28 U.S.C. § 1404(a). Trek argued both that the Western District of Wisconsin was the more convenient forum for the Minnesota Action and that the Minnesota Action would likely be consolidated with the Wisconsin Action, which involves the same parties and contract disputes. On May 29, 2008, Judge Kyle denied Trek's request, noting in part that the subsequent Wisconsin Action suggested forum shopping. Because the Wisconsin Action is merely an attempt to wrest the choice of forum from the natural plaintiff, LeMond Cycling, it should be dismissed in deference to the earlier action pending in the District

80138871.1

of Minnesota. In the alternative, because it mirrors the Minnesota Action, the Wisconsin Action should be transferred to the District of Minnesota where it can be consolidated with the Minnesota Action.

## II. FACTS

On March 20, 2008, LeMond Cycling served Trek with a complaint venued in Hennepin County District Court ("the LeMond Complaint"). Pursuant to Minnesota law, LeMond Cycling's service of the LeMond Complaint on Trek officially commenced the Minnesota Action.[1] *See* Minn. R. Civ. P. 3.01-3.02.

In response to service, Trek requested and received additional time — until the end of April of 2008 — to consider the allegations before LeMond Cycling filed its complaint with the Hennepin County District Court. Declaration of Sidney Bluming ("Bluming Decl.") at Ex. 1. LeMond Cycling heard nothing further from Trek until April 8, 2008, when Trek filed its declaratory judgment action in the Wisconsin Action. Trek subsequently announced this filing in a prescheduled employee meeting, to which it invited the press. Declaration of Denise Rahne ("Rahne Decl.") at Exh. 1.

Trek's declaratory judgment action and related press conference completely contradicted Trek's request that it be given until the end of April to consider the LeMond Complaint. Consequently, LeMond Cycling filed the LeMond Complaint in the Hennepin County District Court on April 8, 2008. The following day, on April 9, 2008, Trek removed the LeMond Complaint to the United States District Court for the District of Minnesota. Trek, subsequently requested that the District Court for the District of Minnesota transfer the LeMond Complaint to the Western District of Wisconsin on April 11, 2008. On May 29, 2008 the District Court for the

---

[1] LeMond Cycling intended to serve the LeMond Complaint earlier in the month, but held off out of respect for the unfortunate death of Richard Burke, the father of Trek's current president John Burke.

80138871.1                                                    2

District of Minnesota denied Trek's request. Mem. Opinion and Order, Civ. No. 08-1010 (RHK/JSM), Doc. No. 24, at 9 (D. Minn. May 29, 2008) ("D. Minn. Order") (attached to Rahne Decl. at Exh. 2). In denying Trek's request, Judge Kyle noted that "the commencement of the Wisconsin Action suggests forum shopping." *Id*. at 8. In Judge Kyle's words: "It appears that Trek filed that action as a preemptive strike, in order to obtain a more convenient forum for the parties' dispute and put a favorable spin on it for the press." *Id*.

### III. ARGUMENT

**A. Trek's Filing of the Duplicative Wisconsin Complaint was for an Improper Purpose, Making Dismissal Appropriate.**

Trek's declaratory judgment action is a duplicative effort calculated to gain a more favorable forum and generate media attention. As such, it should be dismissed.

**1. Trek filed the Wisconsin Action in an improper attempt to gain itself a more favorable forum.**

Trek filed the Wisconsin Action after being served with the LeMond Complaint and after explicitly asking that LeMond Cycling not file the LeMond Complaint until the end of April 2008. As Trek admits, the two actions involve the same parties and contract disputes. *See* Trek's Memorandum in Support of Transfer, at 9 (attached to Rahne Decl. at Exh. 3). Consequently, where Trek could have elected to simply resolve the dispute in the District of Minnesota, it chose instead to occupy the parties' and a second court's time and resources with a declaratory judgment action, involving what Trek admits is an "overlap in issues, witnesses, and pleadings." *Id*. In fact, the present record strongly suggests that, Trek purposefully requested LeMond Cycling's consideration in withholding filing in order to put itself in a position to launch a highly visible public counter-attack in the Western District of Wisconsin. *See, e.g.*, Bluming Decl. at Ex. 1; Rahne Decl. at Exh. 2, at 8-9 ("Indeed, Trek invited the press to a meeting at its headquarters concerning the commencement of the Wisconsin Action *before* the

instant case was filed in Hennepin County District Court and, hence, became public knowledge.") (emphasis in original).

The Seventh Circuit frowns upon anticipatory litigation of this sort. *Coalsales II, LLC v. Gulf Power Co.*, No. 06-cv-488-DRH, 2007 WL 612252, at *6 (S.D. Ill. Feb. 23, 2007) ("[Seventh Circuit] found suits filed in anticipation of impending litigation improper, as these suits would only serve to misconstrue the 'wholesome purpose' of the Declaratory Judgment Act."). Furthermore, "[a] suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed . . . ." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 431 (7th Cir. 1993). In denying Trek's motion to transfer, Judge Kyle specifically addressed the anticipatory nature of Trek's Wisconsin Action, noting that "although Trek goes to great lengths to deny it, the commencement of the Wisconsin Action suggests forum shopping. It appears that Trek filed that action as a preemptive strike, in order to obtain a more convenient forum for the parties' dispute and to put a favorable spin on it for the press." Rahne Decl. at Exh. 2, at 8 (internal citations omitted) (emphasis in original). Such a motive is precisely what the court in *Allendale* warned against, and consequently the Wisconsin Action should be dismissed.

### 2. The Wisconsin Action should be dismissed to avoid duplicative litigation.

The context and nature of the Wisconsin Action aside, Trek's complaint should be dismissed because it is duplicative of the Minnesota Action. "As between federal district courts . . . the general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). And "[a]s a general rule, a federal suit may be dismissed 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'" *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (quoting *Ridge Gold Standard Liquors v.*

*Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)); *see also Conn. Gen. Life Ins. Co. v. Sun Life Assurance Co. of Canada*, 210 F.3d 771, 774 (7th Cir. 2000) ("A court can in appropriate circumstances . . . stay or transfer a case in order to enable the consolidated or otherwise orderly disposition of multiple proceedings."). A district court has great "'latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if 'the claims, parties, and available relief do not significantly differ between the two actions.'" *Id.* (quoting *Ridge Gold*, 572 F. Supp. at 1213).

Here, Trek has openly admitted the duplicative nature of the suits, making dismissal appropriate. In cases such as this, where the actions admittedly overlap, courts have broad discretion to maximize judicial economy. "Judicial economy is a particularly important concern when two actions involving the same parties and issues are pending in different districts. In such situations, federal courts have the inherent power, apart from § 1404, to transfer, stay or dismiss the suit to avoid wasteful, repetitive litigation." *Barrington Group, Ltd. v. Genesys Software Sys., Inc.*, 239 F. Supp. 2d 870, 873 (E.D. Wis. 2003) (citing *Serlin*, 3 F.3d at 223; *Ridge Gold*, 572 F. Supp. at 1213). "This is so because district courts have the inherent power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of the cases." *Id.* (citing *Colo. River Water*, 424 U.S. at 817; *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

The Court should exercise its power to dismiss in this matter. Trek's Wisconsin Action seeks only declaratory judgment, and Trek filed the lawsuit only after being served with LeMond Cycling's complaint. It was clear that Trek and LeMond Cycling had a dispute regarding whether Trek or LeMond Cycling had breached the sublicense agreement, and that litigation had, in fact, commenced. *See* Minn. R. Civ. P. 3.01-3.02 (service of complaint commences action). It is also clear that the Minnesota Action and the Wisconsin Action involve the same parties and

issues. The overlap inherent in the two cases, makes dismissal the most efficient and appropriate choice. *See Coalsales*, 2007 WL 612252, at *7 (dismissing the plaintiff's complaint where "[r]egardless of the existence of good faith, the Court [found] that Plaintiff's declaratory judgment suit was anticipatory in nature, as it was clear the parties were disputing the issue of whether Plaintiff had breached the [agreement], negotiations were not going well and future litigation initiated by Defendant was therefore looming," and Defendant's suit for breach involved the same parties and issues as the declaratory judgment action.)

### 3. Trek's Wisconsin Action Should be Dismissed Because its Request for Declaratory Relief is a Compulsory Counterclaim to the Minnesota Action.

Additionally, Trek's declaratory judgment action is a compulsory counterclaim that could and should have been brought in response to the Minnesota Action.

Under the Federal Rules, a required counterclaim is any claim the pleader has against any opposing party at the time of service "if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; (B) and does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). "The policy underlying Rule 13(a) . . . is to 'prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters.'" *Harley-Davidson Motor Co. v. Chrome Specialities, Inc.*, 173 F.R.D. 250, 252 (E.D. Wis. 1997) (quoting *Warshawsky & Co. v. Arcata Nat'l Corp.*, 552 F.2d 1257, 1261 (7th Cir. 1977). "In order to further this policy, courts should interpret the words 'transaction or occurrence' liberally and recognize that a transaction may consist of a series of many occurrences which are logically related." *Id.* (citing *Warshawsky*, 552 F.2d at 1261; *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926)). Even where the claims in one action go beyond the claims in the other and the legal basis for recovery in the two actions is different, that is not determinative where "certain core facts are common and material to both actions" and they "will involve substantial duplicative discovery if allowed

to proceed separately." *Id.* (internal citations omitted). In fact, the Seventh Circuit has found rules regarding "identical issues" and "res judicata" tests "to be 'unduly restrictive' when conducting the compulsory counterclaim analysis." *Id.* at 253 (citing *Warshawsky*, 552 F.2d at 1263).

Trek's Wisconsin Action seeks a declaration that the actions of LeMond Cycling's principal, Greg LeMond, breached the contract between the parties. The Minnesota Action, beyond damages for breach of a "best efforts" clause, seeks a declaration that the actions of LeMond Cycling's principal, Greg LeMond, did not breach the contract between the parties—as well as other relief. This is a textbook example of a compulsory counterclaim.

Properly assessed, both the Minnesota Action and the Wisconsin Action arise out of the same transaction or occurrence – the contract between the parties and what was done or not done with regard to required performance. "To determine whether an action 'arises out of the same transaction or occurrence,' the Seventh Circuit uses a logical relationship test." *Wilde v. Beneficial Int'l, Inc.*, No. 06-C-1009, 2007 WL 2053458, at *3 (E.D. Wis. July 16, 2007). "[I]n the interests of judicial administration, a court will generally either stay its own proceedings or dismiss an action once it learns that the action before it involves a claim that is properly characterized as a compulsory counterclaim in another pending federal action or is duplicative of parallel action already pending in another federal court." *Id.* at *4. Consequently, the fact that Trek's claim for relief in the present litigation is a compulsory counterclaim to the earlier-commenced Minnesota Action necessitates dismissal of Trek's complaint.

**B.  In the Alternative, the Wisconsin Action Should be Transferred to the United States District Court for the District of Minnesota.**

Judge Kyle's ruling regarding the proper forum for the Minnesota Action demonstrates that the Wisconsin Action belongs in Minnesota, if anywhere. Moreover, the statutory factors

alone support transfer of the Wisconsin Action should the Court decline to dismiss the complaint.

### 1. The policy underlying the first-to-file rule favors deference to Judge Kyle's ruling.

Although LeMond Cycling commenced the Minnesota Action in March 2008, Trek attempted to file an improper anticipatory action in Wisconsin on April 8, 2008. Even if Trek had succeeded in commencing its declaratory judgment action first, the Seventh Circuit does "not automatically award the 'winner of the race to the courthouse' the ultimate "prize" of choosing the forum." *Coalsales*, 2007 WL 612252, at * 6 (quoting *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987); *see also Budget Rent a Car Corp.*, 760 F. Supp. 135, 137 (N.D. Ill. 1991) (finding that *Tempco* applies to declaratory judgment actions designed to pre-empt not only infringement suits but also other types of lawsuits). To the contrary, the Seventh Circuit "has expressly disfavored applying the [first filed] rule where . . . the declaratory judgment action, though filed first, is filed in anticipation of litigation by the other party." *Eli's Chicago Finest, Inc. v. Cheesecake Factory, Inc.*, 23 F. Supp. 2d 906, 908 (N.D. Ill. 1998) (citing *Allendale*, 10 F.3d at 431). Here, LeMond Cycling commenced its suit more than two weeks before Trek commenced its action. Moreover, LeMond Cycling only refrained from filing the Minnesota Action at Trek's request. As a consequence, Trek cannot legitimately claim to have the first-filed action — and if it did make such a claim, it would be without legal effect.

Under the present circumstances, the decision of a court where the first of two "mirror image" actions was commenced should be persuasive regarding which of the two actions should proceed. *See, e.g., Kimberly-Clark Corp. v. McNeil-PPC, Inc.,* 260 F. Supp. 2d 738, 740 (E.D. Wis. 2003) (noting that it is for the court with the first-filed case to decide which case should proceed); *Daimler-Chrysler Corporation v. General Motors Corp.*, 133 F. Supp. 2d 1041, 1044

(N.D. Ohio 2001) ("As a matter of comity among equals, the second judge to get a case should accede to the decision of the court of first-filing, rather than vice-versa."). Judge Kyle has considered the venue options for the Minnesota Action and has ordered that litigation to proceed in Minnesota. Because the Wisconsin Action is a mirror image of the Minnesota Action, Judge Kyle's ruling that the Minnesota Action should proceed in the District of Minnesota support the transfer, if not the dismissal, of the Wisconsin Action.

### 2. The statutory factors strongly favor transfer.

As Judge Kyle's ruling sets forth, the statutory factors strongly favor transfer. Where transfer of an action is more appropriate than dismissal, a district court can transfer pursuant to its inherent authority under § 1404(a). 28 U.S.C. § 1404(a) (2000) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). The existence of a related action in federal court is one of the most important factors in determining the most efficient location for an action. *HFC Commercial Realty, Inc. v. Levine*, No. 90 C 2921, 1990 WL 186082, at *5 (N.D. Ill. Nov. 9, 1990); *McGraw v. Mensch*, No. 06 C 0086, 2006 WL 740897, at *4 (W.D. Wis. March 17, 2006) (holding that the efficient administration of the court system is best served by transferring the action to "a district already familiar with the underlying dispute"). "In fact, a motion to transfer should be granted, if a related action is pending in the proposed transferee district. This rule holds true even if the cases would not be subject to consolidation, if a duplication of discovery efforts will 'be avoided by proper judicial coordination.'" *HFC*, 1990 WL 186082, at *5 (quoting *Waites v. First Energy Leasing Corp.*, 605 F. Supp. 219, 223 (N.D. Ill. 1985) (internal citations omitted)).

To determine whether transfer of an action is appropriate, a court analyzes the three factors stated in § 1404(a): convenience of the parties and the witnesses, and the interests of

justice. *Id.* "The 'interest of justice' component of § 1404(a) may determine a motion to transfer even if the other two factors would suggest a different result." *Id.* at *5 (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986); 15 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 3854 (1986)). "The considerations that dictate this factor relate to the efficient administration of the courts." *Id.*

### a. **Convenience of the parties and witnesses favors transfer.**

Although this is a textbook case where one party will be inconvenienced no matter where the case is venued, the parties' relative financial ability to undertake the trial in one forum versus the other favors transfer. As Judge Kyle noted, it would be most convenient for LeMond Cycling to have the action venued in the District of Minnesota, while this Court would be most convenient for Trek, but § 1404(a) provides for transfer to a more convenient forum, not an equally convenient forum. Rahne Decl. at Exh. 2, at 5. Therefore, the convenience of the parties factor is neutral.

Similarly, in balancing convenience for the witnesses, the outcome is neutral—inconveniencing Trek and LeMond Cycling equally since "[t]his is not a case, however, in which the two fora are separated by thousands of miles. Madison (the location of the Western District of Wisconsin courthouse) and St. Paul (where [Judge Kyle] is chambered), though perhaps not 'close,' are in adjacent states and judicial districts, and it is a relatively short, 'enjoyable and scenic drive' across Interstate 94 from one to the other, or a quick flight between them via the major international airport in the Twin Cities." Rahne Decl. at Exh. 2, at 6.

While either forum may be equally convenient for the parties and witnesses, the parties' relative financial ability tips the scales in favor of transfer. In analyzing the convenience factor under § 1404(a), "the parties' relative financial ability to undertake a trial in any particular forum is a relevant consideration in determining the convenience of the parties." *Sitrick v. FreeHand*

*Sys., Inc.*, No. 02 C 1568, 2003 WL 1581741, at *4 (N.D. Ill. Mar. 27, 2003). Here, Judge Kyle found that "although both parties are corporations, Trek is large – indeed, the United States' largest bicycle manufacturer, according to its website – while LeMond Cycling is a far smaller company that employs only three people." Rahne Decl. at Exh. 2, at 5 (internal citations omitted).

    **b.**   **Interests of Justice—Efficient administration of the courts—favors transfer.**

Aside from convenience to the parties and witnesses, district courts consider "which forum would better serve judicial economy." *Barrington*, 239 F. Supp. 2d at 873 (internal citations omitted). This is because the purpose of § 1404(a) is to increase efficiency and "save time, energy and money and to spare the parties and the witnesses undue expense and inconvenience." *HFC*, 1990 WL 186082, at *2 (quoting *Countryman v. Stein, Roe & Farnham*, 681 F. Supp. 479, 481 (N.D. Ill. 1987)). As Judge Kyle noted in his denial of Trek's motion to transfer, "[t]he prospect of duplicated effort has reared its head . . . only because *Trek* chose to commence the Wisconsin Action instead of resolving the parties' dispute [in Minnesota]." Rahne Decl. at Exh. 2, at 8 (emphasis in original). Judge Kyle is already familiar with the dispute and the factors regarding venue, additionally favoring transfer based on principals of efficient administration. *McGraw*, 2006 WL 740897, at *4 (holding that the efficient administration of the court system is best served by transferring the action to "a district already familiar with the underlying dispute").

Moreover, because LeMond Cycling brought a fulsome action for damages, while Trek merely attempted an anticipatory declaratory judgment action, LeMond Cycling is the "natural plaintiff" in this action. *See Eragen Biosciences, Inc. v. Nucleic Acids Licensing, LLC*, 447 F. Supp.2d 930, 941 (W.D. Wis. 2006) (noting that the party with the offensive cause of action, as opposed to merely declaratory judgment, is the "natural plaintiff" with regard to the parties'

dispute). Consequently, the interest of justice factor should very much favor transfer of the Wisconsin Action to the District of Minnesota.

## CONCLUSION

For the reasons set forth above, LeMond Cycling respectfully requests that Trek's complaint be dismissed or, in the alternative, transferred to the District of Minnesota.

DATED: June 12, 2008

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By  s/Denise S. Rahne
    Christopher W. Madel (#23097)
    Denise S. Rahne (#331314)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

GODFREY & KAHN S.C.
Todd G. Smith
Linda S. Schmidt
One East Main Street, Suite 500
Post Office Box 2719
Madison, WI 53701-2719
Telephone: (608) 284-2653
Facsimile: (608) 257-0609
tsmith@gklaw.com

ATTORNEYS FOR DEFENDANT